70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antoine Antonio ADLER, Defendant-Appellant.
 No. 95-10084.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1995.*
Decided Nov. 9, 1995.
 
 Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antoine Antonio Adler appeals his conviction following the entry of a conditional guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Adler contends that the district court erred by finding that the San Francisco police department officers had reasonable suspicion to conduct an investigatory stop and a subsequent pat-down search. We have jurisdiction under 28 U.S.C. Sec. 1291 and reverse.
 
 
 3
 Whether there was founded suspicion to justify an investigatory stop is a mixed question of law and fact which we review de novo. United States v. Carrillo, 902 F.2d 1405, 1411 (9th Cir.1990). We review the district court's finding of facts for clear error. United States v. Fouche, 776 F.2d 1398, 1402 (9th Cir.1985).
 
 
 4
 A police officer must be able to point to specific and articulable facts which taken together with some rational inferences from those facts, reasonably warrant an investigatory stop. Terry v. Ohio, 392 U.S. 1, 21 (1968). In determining whether founded suspicion existed at the time the officer initiates the stop we must look at "the totality of the circumstances" or "the whole picture." United States v. Cortez, 449 U.S. 411, 417 (1981). "An investigatory stop must be justified by some objective manifestation that the person stopped is or is about to be engaged in criminal activity." Cortez, 449 U.S. at 417; Brown v. Texas, 443 U.S. 47, 51 (1979). Behavior that is common conduct exhibited by the population at large is not a sufficient basis for creating reasonable suspicion to justify an investigatory stop. Brown, 443 U.S. at 51-52, (two men walking away from each other in an alley known for high drug trafficking did not create reasonable suspicion to justify an investigatory stop).
 
 
 5
 Here, the district court based its findings on the following facts: On January 26, 1994, at approximately 6:30 p.m., five San Francisco police officers were patrolling the Bayview area, an area known for high crime. Officer Whitfield thought he recognized Adler to be Harold Seal, a person whom he thought had outstanding warrants. As the police pulled up to Adler at an open-air phone booth, he looked up in their direction. Adler then turned towards the phone in a "hunching" fashion making it more difficult for Officer Whitfield to identify him. However, Officer Whitfield realized that Adler was not Harold Seal. Simultaneously, all five officers exited the patrol vehicle and identified themselves as police officers to Adler. Then, Adler approached the officers and moved his arm from the back of his pants to the front of his jacket which led the officers to believe he was attempting to conceal "something." Within seconds, of Adler's arm movement, two officers made contact with him.
 
 
 6
 Adler's motion of turning his back towards the phone booth and "hunching" over is not uncharacteristic public behavior at an open-air phone booth. As such, it is insufficient to create reasonable suspicion. See Brown, 443 U.S. at 51-52; Reid v. Georgia, 448 U.S. 438, 440-41 (1980) (per curiam) (suspect's conduct which fit a "drug courier profile," described circumstances that applies to a very large category of innocent travelers and was not enough to create reasonable suspicion); United States v. Hernandez-Alvarado, 891 F.2d 1414, 1418-19 (9th Cir.1989) (general facts or conduct that is descriptive of a large segment of innocent law-abiding individuals are not enough to create reasonable suspicion for an investigatory stop). Under the totality of the circumstances, law enforcement officers did not have enough reasonable suspicion of criminal activity to justify an investigatory stop. See Cortez, 449 U.S. 417; Hernandez-Alvarado, 891 F.2d at 1418-19. Because the district court erred by finding reasonable suspicion, its dismissal of Adler's motion to suppress evidence must be reversed. See Brown, 443 U.S. at 51-52.
 
 
 7
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Adler's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3